UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-411-RJC

| JOSE MAURIECIO CANALES, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| BRANDON KIMBLE, DAN DECKER, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(a), the "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1). The Court has examined Plaintiff's Application to Proceed Without Prepayment of Fees or Costs. (Doc. No. 1-1). The Court finds that the Application should be granted solely for the purpose of this initial review. For the reasons that follow, Plaintiff's Complaint will be dismissed for failure to state a claim.

## I. BACKGROUND

According to the Complaint, Plaintiff is a state prisoner incarcerated in the Albemarle Correctional Institution in Albemarle, North Carolina. Plaintiff contends that on January 18, 2011, he was found guilty in state court following a trial. Plaintiff alleges that during his trial, two police officers with the Charlotte-Mecklenburg Police Department committed perjury.

1

Plaintiff appears to contend that his trial counsel provided ineffective assistance of counsel and he has now brought a claim against trial counsel for this deficient representation. (Doc. No. 1 at 4). Plaintiff asserts that his trial transcript will support his claims of perjured testimony, and it was this offending testimony which resulted in his conviction.

In his requested relief, Plaintiff asks the Court to look into his state court case and observe all of the wrong doing which resulted in his conviction and subsequent incarceration. Plaintiff states that he has asserted these same claims on appeal.[1] Plaintiff appears to seek to have his convictions overturned and to be released from incarceration.

## II. LEGAL STANDARD

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege

---

[1] A search of the North Carolina Appellate electronic case filing site shows that Plaintiff's case is assigned the following number: NO. COA11-1209. Plaintiff's appellate counsel filed a brief on November 7, 2011. According to the brief, Plaintiff was convicted in Mecklenburg County Superior Court. The Court considers this information as a matter of public record in conducting this initial review of Plaintiff's Complaint. See Phillips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (court can take judicial notice of matters of public record).

2

facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## III. DISCUSSION

As Plaintiff contends in his Complaint, his state convictions are currently on appeal to the North Carolina Court of Appeals. According to the North Carolina appellate electronic filing website, Plaintiff's case was scheduled for oral argument on March 8, 2012.[2] As of today's date, there is no indication that the Court has reached a decision regarding the appeal. After reviewing Plaintiff's Complaint, the public record, and the applicable law, the Court finds that Plaintiff's Complaint must be dismissed for the reasons stated below.

### A. Habeas Claims

In his requested relief, Plaintiff asks the Court to consider the wrong doing which he contends occurred during his trial through his counsel's deficient performance and through the perjured testimony he alleges police officers provided during his trial. Plaintiff maintains that the

---

[2]See http://appellate.nccourts.org/calendar.php?court=2

perjured testimony, together with his counsel's deficient performance, are directly responsible for his conviction and current incarceration. (Doc. No. 1 at 4-5). In his prayer for relief, Plaintiff appears to move the Court to vacate his convictions and order his release from custody so that he can have his "life back and . . . be a Daddy to his little girl." (Id.). Plaintiff asserts a claim of actual innocence in support of his claim for release from custody. (Id. at 5).

Claims affecting the fact or duration of confinement generally may not be litigated under Section 1983. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973), abrogated in part on other grounds by Heck v. Humphrey, supra. In Prieser v. Rodriguez, the United States Supreme Court considered a case which appeared to have claims falling under both Section 1983 and under the habeas corpus statute pursuant to 28 U.S.C. § 2254. The Court found that the Section 2254 action provides the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release from state incarceration. In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Court noted that it "has developed an exception from § 1983's otherwise broad scope for actions that lie 'within the core of habeas coprus.'" Id. (citing Preiser, supra, at 487). In Wilkinson, the Court found that "Section 1983 remains available for procedural challenges where success *would not necessarily* spell immediate or speedier release for the prisoner, e.g. Wolff v. McDonnell, 418 U.S. 539 (1974), but the prisoner cannot use § 1983 to obtain relief where success *would necessarily* demonstrate the invalidity of confinement or its duration." Id. at 74-75 (emphasis in original). The Court emphasized that habeas corpus was the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement – either directly through an injunction compelling immediate release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81-82.

In the present case, Plaintiff does not make a claim for monetary damages, rather, it appears Plaintiff's sole claim for relief is for a judicial finding that his state convictions are invalid, and an Order authorizing his immediate release from custody. For that fact, Plaintiff cannot maintain an action under Section 1983 and his Complaint must be dismissed for failure to state a claim.

To the extent Plaintiff is seeking to have his state convictions overturned, it is clear from his Complaint and from the public record discussed herein, that Plaintiff has not yet exhausted his state court remedies. As of July 9, 2012, the North Carolina Court of Appeals has not filed an Opinion which addresses Plaintiff's appeal. Plaintiff can therefore not seek relief for habeas corpus under 28 U.S.C. 2254, however, the Plaintiff may be entitled to file for such relief under § 2254 after his state court remedies are exhausted. See 28 U.S.C. § 2254 (b)(1)(A).

IV.   **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1.   Plaintiff's Application to Proceed Without Prepayment of Costs or Fees, (Doc. No. 1-1), is **GRANTED** for the purpose of this initial review.

2.   Plaintiff's Complaint, (Doc No. 1), is **DISMISSED** for failure to state a claim for relief upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: July 17, 2012

Robert J. Conrad, Jr.
Chief United States District Judge